# Camden & Atlantic Telephone Company, Appellant, *v.* United States Casualty Company.

*Insurance — Casualty insurance — Death — "Immediate doing of the work of construction."*

A casualty company indemnified a telephone company against damages for bodily injuries fatal or nonfatal to any person not employed by the assured arising from the operation of the telephone plant, including construction, maintenance and extension of lines. It was stipulated that the policy did "not cover loss from liability for injuries suffered otherwise than during the immediate doing of the work of construction." The telephone company in constructing its lines trimmed a tree on the land of a person not in its employ. The owner was not satisfied and refused to permit the trimming of the remaining trees unless the tree already cut was trimmed in the manner which he desired. On the following day the employees of the telephone company proceeded to trim this tree, and while doing so a person not employed by the company was accidentally killed, and the telephone company was compelled to pay damages for his death. *Held*, that the accident happened "during the immediate doing of the work of construction," and that the insurance company was liable.

Argued Jan. 4, 1910. Appeal, No. 189, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1906, No. 2,556, for defendant non obstante veredicto in case of Camden & Atlantic Telephone Company v. United States Casualty Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on a policy of indemnity. Before BRÉGY, P. J.

The facts are stated in the opinion of the Supreme Court.

The jury returned a verdict for plaintiff for $5,937.96. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*James Collins Jones*, for appellant.—Where a person entitled to indemnity is sued, the indemnitor, if notified of the suit, is

bound by the judgment therein: Washington Gaslight Co. v. District of Columbia, 161 U. S. 316 (16 Sup. Ct. Repr. 564); Fowler v. Jersey Shore Boro., 17 Pa. Superior Ct. 366.

The plaintiff is entitled to have any reasonable doubt in the construction resolved in its favor: American Surety Co. v. Pauly, 170 U. S. 133 (18 Sup. Ct. Repr. 552).

*Maurice W. Sloan,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 21, 1910:

We cannot assent to the conclusions reached in the court below with respect to this case. In an action brought against the plaintiff company charging negligence on the part of its employees resulting in the death of a husband, there was a recovery for $4,000. The plaintiff having paid the judgment seeks in the present action to recover from the defendant company indemnity. The policy under which the demand is made assures the plaintiff "against loss from common-law or statutory liability for damages on account of bodily injuries, fatal, or nonfatal, accidentally suffered within the period of this policy, by any person or persons not employed by the assured, at or about any of the work of the assured described in the schedule hereinafter given in and during the continuance of the work described in the said schedule." The work described in the schedule is "Telephone Company, overhead wires, operation of plant including construction, maintenance and extension of lines and making of service connections." It is stipulated in the policy that "it does not cover loss from liability for injuries suffered otherwise than during the immediate doing of the work of construction." There was no controversy over the facts of the case. The plaintiff company in constructing its line of telephone found it necessary in order to avoid interference with its wires, to trim certain trees upon the land of Snyder. The work began on a tree in front of Snyder's house. This tree was trimmed in such a way as met the requirements of the company, but not in a way that satisfied Snyder, who accordingly refused permission to the plaintiff to trim the remaining trees, unless it would cut the other

limbs from the tree already trimmed. This the plaintiff did the day following, and it was while doing this work that the accident happened for which there was a recovery against the plaintiff. Binding instructions were given in favor of the plaintiff and a verdict rendered accordingly for $5,937.06. Subsequently, on motion, judgment for defendant non obstante was entered on the ground that the injury for which judgment had been obtained against the plaintiff was not suffered during the immediate doing of the work of construction, and therefore not covered by the policy. We do not so read the policy. The court's interpretation of it allows to the saving or excluding clause a meaning entirely too comprehensive. The word "immediate" is not used to define or qualify the term "work of construction"; it is used simply to limit liability for loss resulting from accidents happening in the doing of the work, that work being of course construction work. Whatever may fairly and reasonably be regarded as such work falls within the protection of the policy. The word "immediate" has no significance in this connection. If plaintiff's workmen when they first trimmed Snyder's tree, had done just what they did on the second day, and the accident had happened in the course of that work in exactly the same way as it did happen, could it be contended that because the workmen had cut from the tree more than was actually necessary to free the wires from interference, that the loss resulting to plaintiff in consequence of the accident was not within the indemnity of the policy? Certainly the parties contemplated a larger and wider indemnity than any such interpretation as this would allow. It could make no difference that the work over and above what was strictly necessary for the accommodation of plaintiff's wires had been done at Snyder's instance and request. He had a right to say how his tree was to be trimmed; that he would allow the branches extending toward his house to be lopped off for the accommodation of the company only on condition that the company would remove the corresponding branches extending outward. The mere fact that the company adopted Snyder's plan, which involved some additional work in the same con-

nection, would not make it any the less work of construction. How is the case altered by the fact that it was after the tree had been trimmed to meet the necessities of the company, that Snyder required them to trim it further to suit his purpose? Other trees of his would interfere with the proposed line of the company, and immediately upon completion of the work upon the first day on the first tree, he gave notice that these could be interfered with only as the company severed another limb from the tree they had trimmed. It was in doing this additional work that Snyder required of them on the following day, that the accident happened. If Snyder could have required it before the work of trimming this tree was entered upon, he was in position to require it after. If work of construction the first day, it was quite as much work of construction the second day. To call it anything less is to give the saving clause in the policy a comprehensiveness that the parties themselves, in view of the nature and character of the enterprise entered upon, and the purpose of the insurance, could not have contemplated.

The assignment of error is sustained; the judgment is reversed, and it is ordered that judgment be entered in the court below on the verdict for the plaintiff.